NEW ENGLAND LEGAL FOUNDATION et al., Plaintiffs-Appellants,

v.

Douglas M. COSTLE et al., Defendants-Appellees.

No. 630, Docket 79–6202.

United States Court of Appeals, Second Circuit.

Argued April 10, 1980.
Decided May 20, 1980.

Wayne S. Henderson, Boston, Mass. (Kenneth O. Decko and John R. Rathgeber, Hartford, Conn., on the brief), for plaintiffs-appellants.

Nancy B. Firestone, Atty., Dept. of Justice, Washington, D. C. (Angus MacBeth, Acting Asst. Atty. Gen., Donald W. Stever, Jr., and Dirk D. Snel, Attys., Dept. of Justice, Washington, D. C.; Michele Beigel Corash, Gen. Counsel, Bruce M. Diamond and Lydia N. Wegman, Attys., EPA, Washington, D. C., on the brief), for federal defendants-appellees.

Robert F. Brooks, Richmond, Va. (W. Taylor Reveley, III, Robert M. Rolfe, and Hunton & Williams, Richmond, Va.; Edward J. Walsh, Jr., Mineola, N. Y., on the brief), for defendant-appellee LILCO.

Mary L. Lyndon, Asst. Atty. Gen., State of N. Y., New York City (Robert Abrams, Atty. Gen., Shirley A. Siegel, Sol. Gen., Marcia J. Cleveland and Paul S. Shemin, Asst. Attys. Gen., New York City, on the brief), for intervenor-appellee State of New York.

Before TIMBERS and KEARSE, Circuit Judges, and WERKER, District Judge.*

* Hon. Henry F. Werker, United States District Judge for the Southern District of New York, sitting by designation.

1. Appellants are New England Legal Foundation; Connecticut Business and Industry Association; Connecticut Conference of Municipalities; three individual citizens of Connecticut; and thirty-one separately named Connecticut municipalities.

**PER CURIAM:**

Appellants, a group of Connecticut citizens, municipalities and organizations,¹ appeal from a judgment entered in the District of Connecticut, Jon O. Newman, *Circuit Judge*, sitting by designation, dismissing, for failure to state a claim on which relief can be granted, appellants' complaint which sought declaratory and injunctive relief based upon alleged violations of the Clean Air Act, 42 U.S.C. §§ 7401–7642 (Supp. II 1978), and the federal common law of nuisance. *New England Legal Foundation v. Costle*, 475 F.Supp. 425 (D.Conn.1979). Appellants commenced this action because of the harmful effects of air pollution generated in New York and New Jersey which allegedly is carried into Connecticut by the prevailing westerly winds. Appellees are the Administrator and Regional II Administrator of the Environmental Protection Agency (EPA) and the Long Island Lighting Company (LILCO). The State of New York intervened on the side of appellees as a matter of right.

We assume familiarity with Judge Newman's thorough opinion of July 30, 1979 which reviews in detail the statutory and factual background of this action. We affirm that portion of the judgment of the district court which dismissed the complaint as against the federal appellees, substantially for the reasons set forth in Judge Newman's opinion. With respect to that portion of the judgment of the district court which dismissed the complaint as against LILCO, we reserve decision pending review by the Supreme Court of *Illinois v. Milwaukee*, 599 F.2d 151 (7 Cir. 1979), *cert. granted*, 445 U.S. 926 (1980).

Appellants' claims against the EPA are brought under 42 U.S.C. § 7604(a)(2), pursuant to which the district courts have jurisdiction in a civil action against the EPA only if it is alleged that the EPA refused to perform a non-discretionary duty imposed

by the Clean Air Act. On appeal, appellants contend that they alleged three instances of EPA refusal to perform non-discretionary duties. We disagree.

First, appellants claim that the EPA has a mandatory duty under 42 U.S.C. § 7506(b) to suspend federal grants under the Clean Air Act because of the failure of the State of New York to implement transportation controls as required by 42 U.S.C. § 7410. The legislative history of § 7506(b), however, indicates that this provision applies only to revisions required by the 1977 amendments to the Act. H.Conf.Rep. No. 95–564, 95th Cong., 1st Sess. 156–58 (Aug. 3, 1977), *reprinted in* [1977] U.S.Code Cong. & Admin.News 1502, 1536–39. The New York transportation control plan was required under provisions in existence prior to the 1977 amendments.

Second, appellants claim that the EPA has a mandatory duty to enforce its 1973 findings that New York's transportation control plan was inadequate and its 1976 findings that the state implementation plans (SIPs) of New York and New Jersey were inadequate.[2] Here again the legislative history is dispositive. It demonstrates that the 1977 amendments nullified the EPA's duty to enforce its pre-amendment findings. S.Rep. No. 95–127, 95th Cong., 1st Sess. 55 (May 10, 1977).

Third, appellants claim that the EPA has a mandatory duty to impose regional control measures for ozone. The short answer to this claim is that the EPA has no statutory duty at this time to issue the regional ozone regulations that appellants seek. The primary authority to issue control regulations rests with the states.

We affirm the district court's dismissal of appellants' claims against the EPA and its officials.

With respect to that portion of the judgment of the district court which dismissed the complaint as against LILCO, we reserve decision pending review by the Supreme Court of *Illinois. v. Milwaukee, supra.*

Within 20 days after the date of the decision of the Supreme Court in *Illinois v. Milwaukee,* counsel in the instant case may file supplemental briefs, if they are so advised, upon any issue with respect to the dismissal of the complaint as against LILCO, including, but not limited to, the bearing, if any, of the Supreme Court's decision in *Illinois v. Milwaukee.* Upon the filing of such supplemental briefs or upon receipt by us of word from counsel that they do not intend to file supplemental briefs, the case will be taken upon submission by this panel which retains jurisdiction with respect to the dismissal as against LILCO.

The Clerk of this Court is directed to enter judgment affirming the judgment of the district court to the extent that it dismissed the complaint as against EPA and its officers. Taxation of costs is to be held in abeyance pending our determination of the appeal with respect to the district court's dismissal of the complaint as against LILCO.

Affirmed in part; decision and jurisdiction reserved in part.

---

**2.** 42 U.S.C. § 7410 requires each state to develop a SIP. The SIP establishes emission limitations and pollution abatement measures in order to achieve and maintain the national ambient air quality standards established by the federal government. *Manchester Environmental Coalition v. EPA,* 612 F.2d 56, 57 (2 Cir. 1979).